Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 157 | **DATE** | 8/28/2003 |
| **CASE TITLE** | USA vs. ELIO JIMENEZ-BALDERAS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 9/22/2003 at 10:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order: Defendant's motion to dismiss [18-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | SEP 0 3 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 22 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 SEP -2 AM 11:16 | date mailed notice | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **United States Of America,** | ) |
| | ) |
| Plaintiff | ) No. 03 CR 157 |
| | ) |
| v. | ) Judge Ronald A. Guzmán |
| | ) |
| ELIO JIMENEZ-BALDERAS, | ) |
| Defendant | ) |

**DOCKETED**
SEP 0 3 2003

## MEMORANDUM OPINION AND ORDER

Defendant stands indicted for illegal re-entry following his arrest for possession of controlled substances in Chicago. Defendant now seeks to dismiss the indictment asserting that his prior deportation was invalid and therefore he may not be prosecuted for re-entry after having been deported. With respect to his prior deportation defendant does not attack the Immigration Judge's finding that he was a deportable alien based upon his two prior controlled substance convictions. Rather, he asserts that he was denied due process when he was unable to avail himself of the discretionary waiver of deportation that was once available to certain deportable aliens prior to a 1990 amendment to the immigration law.

## FACTS AND PRIOR PROCEEDINGS

Defendant is a native and citizen of Mexico who illegally entered the United States on three separate occasions in 1976. After each such apprehension, defendant agreed to voluntarily depart the United States. In March 1979, defendant re-entered the United States as an immigrant



and spouse of U.S. Citizen, and as such was granted resident alien status. On November 21, 1990, defendant was convicted in California of possession of heroin. On September 19, 1991, defendant was convicted in California of possession of cocaine.

On October 29, 1992, the Immigration and Naturalization Service ("INS") initiated deportation proceedings against defendant, charging him with deportability as an alien who had been convicted of two prior controlled substance felonies, and an aggravated felony. On April 5, 1994, Defendant appeared before an immigration judge waived his right to counsel and admitted to the underlying charges and all of the allegations set forth in the notice of hearing. The immigration judge found by clear and convincing evidence that the defendant was subject to deportation based upon his convictions for controlled substance.

Defendant asked for an opportunity to apply for a waiver of deportation. During the hearing on defendant's application for a waiver of deportation the government presented evidence that defendant had used cocaine the prior year while he was on parole, and had a prior firearms conviction on July 21, 1989. The prior firearms conviction was proven by a certified copy of defendant's prior conviction for possessing and displaying a firearm. On June 14, 1994, the INS lodged the firearms conviction as an additional ground for deportability. Defendant's counsel argued that at the time defendant entered a plea of no contest to the firearms offense he had no notice of any possible immigration consequences and therefore the plea was invlaid. However, paragraph 8 of defendant's written plea agreement explicitly provided.

> I understand that if I am not a citizen, the conviction of the offense for which I have been charged may have the consequence of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

2

This firearms conviction rendered defendant ineligible for a discretionary waiver of deportation. The immigration judge advised defendant and counsel that the proper forum to make any collateral claims concerning the voluntariness of defendant's plea to the firearms charge were in state court or in the federal court if counsel or defendant believed a constitutional violation occurred.

In a decision dated June 23, 1994, the Immigration Judge found defendant to be deportable based upon his conviction of an aggravated felony, conviction for controlled substance violation, and conviction of a firearms violation. After informing defendant and his counsel of his decision to deny defendant's petition for § 212(c) relief, the immigration judge informed defendant and his counsel that defendant had a right to appeal the decision to the Board of Immigration Appeals.

Defendant, represented by counsel, filed an appeal with the Bureau of Immigration Appeals challenging the finding that he was ineligible for a waiver of inadmissibility pursuant to section 212(c) of the Immigration and Naturalization Act, 8 United States Code, 1182(c). On February 7, 1996, the Bureau of Immigration Appeals denied the appeal. On July 30, 1998 defendant was removed from the United States. Defendant filed no direct appeal of the BIA decision to the United States District Court or the Ninth Circuit Court of Appeals, nor did defendant file any habeas corpus petition.

Defendant re-entered the country illegally again on March 1, 1999, just seven months after his removal. On August 26, 2000, he was arrested in Chicago under a false name after he exited a

building containing over 2,100 pounds of marijuana, approximately 29 pounds of methamphetamine, and 10.5 kilograms of cocaine.

DISCUSSION

Defendant claims that a change in the Immigration Act of 1990 retroactively precluded his ability to obtain a 212(c) waiver. The prosecution argues and the court agrees that defendant's 1998 firearms conviction precluded 212(c) waiver relief under the Immigration Act in effect at the time of his conviction -- the Immigration Act of 1988.

Section 212(c) relief has never been available to defendant as an alien convicted of a firearms offense. See *See Leal-Rodriguez v. INS,* 990 F.2d 939, 949, 952 ('7th Cir. 1979); Matter of Chow, 20 I&N Dec. 647 (BIA 1993). Prior to 1988, the Act provided for the deportation of aliens who possessed sawed-off shotguns or automatic and semi-automatic weapons. Section 241(a)(14), 8 U.S.C. §1251(a)(14). As of November 18, 1988, well before defendant's plea, the act was amended to include any firearm or destructive device defined in 18 U.S.C. §921 (a) 3 or 4. Section 921 (a) 3 defined a firearm as any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by action of an explosive. Thus deportable weapons offenses were no longer limited to machine guns and sawed-off shotguns. The 1988 act provided that it applied to aliens convicted on or after the date of enactment. *Matter of Chow,* at 5. It therefore applied to defendant.

Section 212(c) of the INA allows the Attorney General to waive *exclusion* of aliens who are found to be inadmissible upon certain grounds specified in section 212(a), 8 U.S.C. § 1182(a). Grounds for exclusion include many which are similar to grounds for deportation set forth in section

241, 8 U.S.C. §. There is no provision, however, for exclusion of aliens convicted of weapons offenses. That an alien may even attempt to apply for deportation relief under section 212(c), which applies on its face only to *excludable* aliens, is due to judicial and administrative interpretations of the INA which have expanded section 212(c) to apply to some grounds of deportation. The BIA initially interpreted section 212(c) narrowly to apply only in exclusion proceedings and not in deportation proceedings. *Matter of Arias-Uribe*, 13 I. & N. Dec. 696 (BIA 1971). This interpretation drew a distinction between resident aliens who had temporarily left the United States and, upon their return, were found excludable for some reason, and those who had never left the United States and were found to be deportable upon the same grounds. The Second Circuit found this distinction unconstitutional in *Francis v. Immigration & Naturalization Service*, 532 F.2d 268 (2d Cir.1976). In *Francis,* the petitioner was a resident alien subject to deportation under section 241(a)(11) of the INA, 8 U.S.C. § 1251(a)(11), for conviction of possession of marijuana, which would also be grounds for exclusion. § 212(a)(23) of the INA, 8 U.S.C. § 1182(a)(23). [FN9] Because section 212(c) relief would be available for an *excludable* resident alien convicted of possession of marijuana, the Second Circuit held that denial of the same relief to the deportable petitioner there would violate the equal protection clause of the Fifth Amendment. *Francis*, 532 F.2d at 273.

An alien, however, is not eligible to apply for waiver of deportation where his conviction is not also a waivable ground for exclusion. *Matter of Granados*, 16 I. & N. Dec. 726 (BIA 1979) (refusing to extend section 212(c) to allow relief from deportation for an alien convicted of possession of an unregistered sawed-off shotgun because such a conviction is not a section 212(a) ground for exclusion nor a crime involving moral turpitude that would render petitioner excludable under section 212(a)(9) of the INA, 8 U.S.C. § 1182(a)(9)), aff'd, 624 F.2d 191 (9th Cir.1980).

5

Courts reviewing the decisions of the BIA have upheld the initial expansion of section 212(c) to grounds for deportation which have corresponding grounds for exclusion, and most courts have taken positions similar to that of the Attorney General and refused to extend section 212(c) relief to grounds of deportation which are not also grounds for exclusion. Because there was no ground of excludability for a firearms offense either at the time defendant entered his plea in state court to the firearms charge or at the time of his deportation hearing, the defendant never had a substantive right to relief from deportation.

For the foregoing reasons the defendant's motion to dismiss is denied.

**SO ORDERED**                                              ENTERED: 8/28/03

*[signature]*

RONALD A. GUZMÁN
**United States Judge**